See S. v. Cooper, post, 100.)
Civil action for mandamus to require defendant to deliver to plaintiff his driver's license surrendered under judgment of Superior Court and forwarded to and now in possession of defendant.
These facts in summary appear from the pleadings: Plaintiff, as defendant in a criminal proceeding in the Superior Court of Forsyth County, on 10 January, 1944, pleaded guilty to a violation of the traffic laws of the State of North Carolina, with which he was charged. Thereupon, the court entered judgment "that the defendant surrender his driver's license to the clerk of this court and not operate a motor vehicle for a period of twelve (12) months and . . . pay a fine of $25.00 and the costs," and ordered the defendant there into custody of sheriff until costs and fine be paid and the driver's license be surrendered to the clerk. Defendant there, in ignorance of his rights, and while his counsel was engaged in other matters before the court, and to avoid going to jail, complied with the judgment, and surrendered his driver's license to the clerk. The counsel, ascertaining that his client had complied with terms of the judgment, made demand upon the clerk for return of the costs and fine paid, and of the driver's license surrendered as aforesaid, to the end that defendant there might appeal from said judgment to the Supreme Court. But the clerk refused to comply with the demand without an order from the court, and the court refused to enter such order. Whereupon the clerk forwarded the license to Commissioner of Motor Vehicles of North Carolina, defendant in this action, who, while conceding that he has not revoked or suspended said license, declines to return it until such time as said judgment is reversed or modified by the courts of North Carolina.
In the present action the court, while finding facts substantially as alleged in the complaint and admitted in the answer, denied the writ ofmandamus upon ground that an order therefor would be in effect a review of the judgment of another judge of Superior Court. Plaintiff appeals to Supreme Court and assigns error.
Upon hearing in this Court, the parties having agreed that the complaint in this action might be treated as petition for writ of certiorari in the case of S. v. James Cooper, No. 4091, in Superior Court of Forsyth County, to the judgment in which this action relates, this appeal will be, and is hereby dismissed, and each party shall pay his own costs.
Appeal dismissed.